**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JEFFREY LOMBARDO,<br>    Individually, and on behalf of all others similarly situated,<br>        PLAINTIFF,<br><br>v.<br><br>ASSOCIATED COLLECTORS, INC.<br>        DEFENDANT | Case No. 4:19-cv-1654 |

## CLASS ACTION COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq. by Defendant.

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

1

## PARTIES

6. Plaintiff, Jeffrey Lombardo ("Plaintiff"), is an adult individual residing in Montgomery County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant is a company operating from 113 W. Milwaukee St., Janesville, WI 53548. Defendant can be served at this location.

8. Defendant's website (www.associatedcollectors.com)(last visited April 15, 2019) states, "Associated Collectors, Inc. (ACI) provides collection services throughout the Midwest from our offices in Janesville."

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7), and is a "person" as defined by 47 U.S.C. § 153(10).

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, and directors.

## FACTUAL ALLEGATIONS

11. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a medical account (hereinafter the "Account").

12. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

13. The Account allegedly went into default with the original creditor.

14. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Defendant for collection.

15. Plaintiff disputes the amount Defendant is attempting to collect on the Account.

16. Plaintiff requests that Defendant cease all further communications regarding the Account.

17. Defendant spoke with Plaintiff on the telephone on or about November 26, 2018.

18. During this November 26, 2018 phone call, Defendant told Plaintiff that it was legal for Defendant to collect from Plaintiff, who Defendant knew lived in Texas.

19. On November 27, 2018, Plaintiff called Defendant again and asked again if it was legal for Defendant to collect from Plaintiff, a resident of Texas. Defendant confirmed again that it was legal and stated that Defendant had a collection bond in place to give it authority to collect in Texas.

20. In a call back to Plaintiff on November 27, 2018, a manager for Defendant informed plaintiff six times that Defendant had a bond in place making it legal for Defendant to collect debts in Texas.

21. Plaintiff informed Defendant that the Texas Secretary of State's records showed Defendant's surety bond for collecting in Texas had terminated in 1997.

22. Defendant told Plaintiff this was untrue.

23. In fact, however, Defendant has not had an active surety bond on file with the Texas Secretary of State since September 11, 1997.

24. In addition to the phone calls with Plaintiff and the direct statements that it was bonded to collect in Texas, Defendant also reported Plaintiff's account to at least one of the three major credit reporting agencies (Experian, Equifax, Trans Union).

25. Reporting past-due account information to one or more credit reporting agency is collection activity.

26. All of Defendant's collection activity directed at Plaintiff was done without a collection bond on file with the Texas Secretary of State.

27. The statements by Defendant to Plaintiff would cause the least sophisticated consumer to believe that Defendant was authorized by law to collect from Texas residents, when, in fact, Defendant was not so authorized.

28. As of the filing of this Complaint, Defendant still does not have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

29. During all of the time that Defendant attempted to collect the Account from Plaintiff, Defendant knew that Plaintiff was a resident of Texas.

30. Defendant's purpose for having telephone communications with Plaintiff was to attempt to collect the Account.

31. The telephone calls each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant had telephone conversation(s) with Plaintiff Morin was to attempt to collect the Account.

33. All of the conduct by Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, after September 11, 1997, but within the one year prior to the filing of this complaint, from whom Defendant attempted to collect any purported debt of the class

4

member and where the debt in question was incurred primarily for personal, family or household purposes.

35. Excluded from the Class are Defendant, all other defendants named herein, the officers and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. The Class is so numerous that joinder of all members is impracticable. The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Defendant.

37. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Defendant and Plaintiff has suffered substantially similar injuries as each member of the Class.

38. Plaintiff has retained counsel experienced and competent in class action litigation.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

40. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a.  Defendant's violations of Tex. Fin. Code § 392.101 as alleged herein;

    b.  Defendant's conduct particular to the matters at issue was identical or substantially similar; and

    c.  The availability of statutory penalties.

## RESPONDEAT SUPERIOR

41. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agents of Defendant at all times mentioned herein.

42. The representative(s) and/or collector(s) at Defendant were acting within the course of their employment at all times mentioned herein.

43. The representative(s) and/or collector(s) at Defendant were under the direct supervision and control of Defendant at all times mentioned herein.

44. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

## COUNT I:  VIOLATIONS OF THE TEXAS FINANCE CODE BY ASSOCIATED COLLECTORS, INC.

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and 392.304(a)(14)&(19).

47. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, reasonable attorney's fees and costs from Defendant.

48. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Defendant enjoining it from future violations of the Texas Finance Code as described herein.

## COUNT II: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY ASSOCIATED COLLECTORS, INC.

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(10).

51. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks statutory damages of $1,000 and actual damages, reasonable attorney's fees and costs from Defendant.

## JURY TRIAL DEMAND

52. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

53. Judgment against Defendant and in favor of Plaintiff and all members of the Class as follows:

    a. For each member of the class, statutory damages of no less than $100 pursuant to Tex. Fin. Code § 392.403;

    b. An injunction permanently enjoining Defendant from future violations of Tex. Fin. Code § 392.101 as described above, pursuant to Tex. Fin. Code § 392.403;

    c. Reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    d. Such other and further relief as the Court deems just and proper.

54. Judgment against Defendant and in favor of Plaintiff as follows:

    a. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    b. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

c. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff